UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

ROGER DALE HILLMAN ET AL             CASE NO.  2:25-CV-00519

VERSUS                               JUDGE JAMES D. CAIN, JR.

VIKING TRANSPORT L L C ET AL         MAGISTRATE JUDGE LEBLANC

MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 27] filed by plaintiffs Roger Dale and Tonya R. Hillman. Defendants Viking Transport LLC ("Viking") and Noah Labrunn Yarbrough oppose the motion. Doc. 33.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on April 9, 2024, in Anacoco, Louisiana. Doc. 1, att. 1. On that date, plaintiffs Roger and Tonya Hillman allege, they were proceeding westbound on Highway 111 and defendant Yarbrough was traveling on Highway 171 in an 18-wheeler owned by Viking, which employed Yarbrough. The two vehicles collided at the intersection when Yarbrough ran a red light, causing bodily harm to both plaintiffs. *Id.* at ¶¶ 4–7. Yarbrough was cited and admitted that he saw the light cycle to red before he entered the intersection. Doc. 22, att. 5, pp. 15–17, 20–21, 25–28.

Plaintiffs filed suit in state court, alleging that Yarbrough's negligence was the sole cause of the accident. Defendants removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. The matter is set for jury trial before the undersigned

on September 21, 2026. Doc. 15. Plaintiffs now move for summary judgment on liability, asserting that Yarbrough's failure to obey traffic signals establishes that he was the cause in fact and legal cause of the collision. Doc. 27. Defendants oppose the motion, arguing that Yarbrough's traffic violation only establishes a presumption of negligence and that plaintiffs may still bear some fault for failing to observe the intersection before entering it. Doc. 33.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana courts determine liability for negligence based on a duty-risk analysis. *Long v. State ex rel. Dept. of Transp. and Dev.*, 916 So.2d 87, 101 (La. 2005). Through this test the plaintiff must show all of the following:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element).

*Audler v. CBC Innovis, Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris*, 923 So.2d 627, 633 (La. 2006)).

Louisiana Revised Statutes 32:232 governs the duty of drivers faced with traffic control signals. "A motorist with a green light has the right-of-way and may generally

assume that motorists traveling on intersecting streets will obey the traffic signal and respect his right-of-way." *Ramos v. La. Farm Bur. Cas. Ins. Co.*, 333 So.3d 453, 456 (La. Ct. App. 1st Cir. 2021) (citing La. R.S. 32:232(1)(a)). The motorist has a duty to watch for vehicles that were **already** in the intersection when the light changed. The majority of Louisiana appellate courts emphasize that "this duty does not extend to looking for traffic that has not yet entered the intersection." *Mosley v. Griffin*, 191 So.3d 16, 22 (La. Ct. App. 2d Cir. 2016) (citing *Lewis v. Smith*, 920 So.2d 920 (La. Ct. App. 2d Cir. 2006)); *see also Palmisano v. Ohler*, 204 So.3d 1134, 1138 (La. Ct. App. 5th Cir. 2016) ("Furthermore, a motorist who enters an intersection under a green light does not have a duty to observe traffic not yet in the intersection . . . ."); *accord Allen v. FCCI Ins. Co.*, 321 So.3d 1062, 1064 (La. Ct. App. 3d Cir. 2021). But a minority regard the situation as somewhat ambiguous, noting that "[p]references on favored streets created by statutes, signal, or signs, do not relieve the driver traveling on the favored street from ordinary care." *Este v. Roussel*, 833 So.2d 999, 1007–08 (La. Ct. App. 4th Cir. 2002). Accordingly, even when one driver had the right of way, "a determination of fault must be made by examining the conduct of both motorists under all the facts and circumstances." *Corona v. Dunbar*, 417 So.2d 452, 455 (La. Ct. App. 1st Cir. 1982).

Defendant Yarbrough admits, supra, that the light was already red by the time he entered the intersection. He had driven through the area at least 20 times in the last two to three months, in the course of his employment with Viking. Doc. 22, att. 5, pp. 23. He testified that he did not believe he had enough time to safely brake after he saw the light

change to yellow, approximately half a mile before he reached the intersection. *Id.* at 16–17, 22–23, 32–33.

Roger Hillman, who was driving the plaintiff vehicle, testified that he was stopped at the red light and proceeded once it turned green. Doc. 22, att. 3, p. 22. He did not recall seeing the defendant truck at all before the collision. *Id.* at 22–23. Tonya Hillman, who was a passenger, was looking at her phone at the time of the collision and did not observe anything before it occurred. Doc. 22, att. 4, pp. 20–21. Although the deposition testimony indicates that there is video footage of the accident, none has been submitted.

This court finds good cause to follow the majority rule set by Louisiana appellate courts. It should suffice that plaintiff waited until it was his turn and then proceeded into a clear intersection. Otherwise, a driver who did not treat his green light as a four-way stop would be found comparatively negligent while drivers who met this standard of care would bring traffic to a crawl at every stoplight in the state. Additionally, traffic signals do not carry exceptions for 18-wheelers. Although Mr. Yarbrough testified that he believed he did not have sufficient time to safely brake before the light turned red, he should have known to reduce his speed in advance of the light-controlled intersection—especially here, where he had traveled the same road several times recently. Accordingly, the record establishes that Mr. Yarbrough's negligence was the sole cause in fact and legal cause of the accident.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 27]

will be **GRANTED** and judgment will be entered for plaintiffs on the issue of liability.

**THUS DONE AND SIGNED** in Chambers on the 13th day of May, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**